STEVEN W. MYHRE
Acting United States Attorney
HOLLY A. VANCE
Assistant United States Attorney
100 West Liberty Street, Suite 600
United States Attorney's Office
Reno, NV 89501
Tel: (775) 784-5438
holly.a.vance@usdoj.gov

Attorneys for Defendant Kelly

```
✓ FILED        ___ RECEIVED
___ ENTERED    ___ SERVED ON
               COUNSEL/PARTIES OF RECORD

        OCT 0 6 2017

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TOREY ELLIS,

    Plaintiff,

v.

ELAINE DUKE, Secretary, Department of Homeland Security, Transportation Security Administration,

    Defendant.

Case No. 3:17-CV-00119-MMD-WGC

ORDER

**STIPULATION FOR RELIEF FROM REQUIREMENT THAT PERSON WITH SETTLEMENT AUTHORITY ATTEND SETTLEMENT CONFERENCE**

**EXPEDITED REVIEW REQUESTED**

    An Early Neutral Evaluation Session ("ENE") is scheduled in this case for November 8, 2017, at 1:30 p.m. (ECF No. 18). The Order setting the ENE states that a client representative "with complete authority to negotiate and consummate a settlement shall be in attendance at the [ENE]." (ECF No. 18, at p. 1-2). For the reasons argued below, Plaintiff Torey Ellis and Defendant Elaine Duke, Secretary of the United States Department of Homeland Security, Transportation Security Administration, hereby stipulate and agree that Assistant United States Attorney ("AUSA") Holly A. Vance may participate in

1

the ENE in person as the sole representative for the government with an agency attorney available by telephone to answer any questions that might arise.

## ARGUMENT

The federal government is unlike any other litigant. *U.S. v. U.S. Dist. Court for the N. Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012). Because the government handles a very large number of cases, it would be impractical, if not physically impossible, for those with settlement authority to prepare for – and appear at – all settlement conferences. *Id.* The Advisory Committee notes that accompany the 1993 amendments to Federal Rule of Civil Procedure 16 acknowledge the unique position that the federal government occupies as a litigant: "Particularly in litigation in which governmental agencies * * * are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility."

The government delegates settlement authority to select individuals in order to promote centralized decision-making. *U.S. Dist. Court for the N. Mariana Islands* at 1059-6060. Centralized decision-making promotes three important government objectives. *Id.* First, it allows the government to act consistently in important cases. *Id.* Second, centralized decision-making allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few officials. *Id.* Third, by giving authority to high-ranking officials, centralized decision-making better promotes political accountability. *Id.* In light of these principles, the Ninth Circuit has determined that the district court should adopt a "practical approach" in deciding whether to require a government representative with full settlement authority to attend a pre-trial conference. According to the Ninth Circuit, only as a "last resort" should the district court require an official with full settlement authority to participate in a pre-trial conference in person. *Id.*

Consistent with *U.S. Dist. Court for the N. Mariana Islands*, the government routinely requests that the district court allow the attorney assigned to the case to appear in person at an ENE as the sole representative for the government. Before the ENE, that attorney discusses the case thoroughly with those government representatives who do have settlement authority in order to determine the range of settlement offers that would be acceptable to the government. This approach has not hampered settlement discussions or created an impediment to settlement in the hundreds of settlement conferences in which the government has participated over the years. In fact, hundreds of cases involving the government have settled over the years utilizing this approach. Accordingly, the parties stipulate and agree that AUSA Vance may participate in the ENE as the sole representative for the government with an agency attorney available by telephone.

## CONCLUSION

For the reasons argued above, the parties stipulate that AUSA Vance may appear at the ENE as the sole representative for the government with an agency attorney available by telephone.

DATED: October 5, 2017.

STEVEN W. MYHRE
Acting United States Attorney

s/ *Kenneth J. McKenna*
KENNETH J. MCKENNA
Attorney for Plaintiff

s/ *Holly A. Vance*
HOLLY A. VANCE
Attorneys for Defendant

IT IS SO ORDERED:

DATED: October 6th, 2017.

_____
HON. VALERIE P. COOKE
United States Magistrate Judge

3