UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TOREY ELLIS,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>JOHN KELLY, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION,<br><br>　　　　　　　　Defendant.[1] | Case No. 3:17-cv-00119-MMD-WGC<br><br>ORDER |

This action was filed on February 23, 2017 (ECF No. 1), and amended on July 27, 2017 (ECF No. 8). Defendant John Kelly filed a motion to dismiss the amended complaint on August 17, 2017. (ECF No. 12.) Plaintiff Torey Ellis filed a response (ECF No. 17), and Defendant replied (ECF No. 22). On March 19, 2018, the Court held a hearing on Defendant's motion to dismiss (ECF No. 12). The Court granted the motion without prejudice, but gave Plaintiff 15 days to amend the complaint. (ECF No. 37.) Plaintiff was informed that if she failed to file an amended complaint, the case would be dismissed. (*Id.*) To date, Plaintiff has not filed an amended complaint or otherwise responded to the Court.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . .

///

---

[1] John Kelly has been replaced by Kirstjen M. Nielsen.

dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal with prejudice. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies

///

the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262(citations omitted).

Plaintiff was given leave to amend her complaint, and had adequate warning that failure to timely file an amended complaint would result in dismissal of this action with prejudice. Her timeline to file that amended complaint has long past due.

It is therefore ordered that this action is dismissed with prejudice because of Plaintiff's failure to file an amended complaint where the action was previously dismissed without prejudice.

It is further ordered that the Clerk of the Court enter judgment accordingly.

DATED THIS 14th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE